(pd)
$30.00

NO. 04-14-00491-CV

TEXAS COURT OF APPEALS
FOURTH DISTRICT
SAN ANTONIO, TEXAS

WILLIAM M. COLLINS AND PATRICIA COLLINS
Appellants

vs.

DR. OLIVER WILLIAMS
Appellee

APPELLANT'S FIRST VERIFIED MOTION FOR REHEARING AND EN
BANC RECONSIDERATION
ORAL ARGUMENT REQUESTED

James R. Chapman, Jr.
P. O. Box 841
Fredericksburg, Texas 78624
(830) 997-3269
No Fax
Cell (281) 734-8181

ATTORNEY FOR APPELLANTS
WILLIAM M. COLLINS AND PATRICIA COLLINS

1

## APPELLANT'S VERIFIED MOTION FOR REHEARING
## AND EN BANC RECONSIDERATION
(Oral Argument Requested)

**PREAMBLE**

Appellants William and Patricia Collins requests the Court to reconsider its decision in this case before the en banc court because (1) the Court has declined to follow the precedent of the Texas Supreme Court, or (2) has declined to even apply its own precedent in this case regarding imposing death penalty sanctions. The Court has approved case dispositive sanctions against a litigant for a minor administrative error by the attorney, which was substantially and substantively remedied before the hearing on the sanctions. Such disposition is contrary to the Texas Rules of Civil Procedure, Texas Supreme Court case law, equity, and justice, and should be reconsidered and withdrawn, and the case remanded for further proceedings in the trial court. The sanctions imposed against Plaintiff are excessive, do not bear a direct relationship to the error, violate the constitutional due process litigation rights of Plaintiff, do not contain any reasonable explanation of why death penalty sanctions are the only available remedy, and clearly reflect an egregious abuse of discretion by the trial court. **The Texas Supreme Court has consistently held that absent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions.** This case is completely devoid of any conduct by Appellant's attorney that even remotely rises to the level of flagrant bad faith or callous disregard for the rules. Accordingly Appellants would show:

1. Appellants are William and Patricia Collins. Respondent is Dr. Oliver Williams.

2. The Court issued an opinion on May 6, 2015. Appellants asked for and received permission to file this motion on or before June 20, 2015.

3. The Court's Opinion affirmed the decision of the trial court. Such opinion is clearly erroneous, and should be amended, withdrawn, and an opinion remanding this case for further proceedings in the Trial Court should be ordered.

4. The Houston 14th Court of Appeals has considered this issue in *In re RH White Oak, LLC.* 442 S. W. 3d 492, 501 (Tex.App.- Houston (14th Dist.) 2014). The Houston Court reflected that a trial court clearly "abuses its discretion" if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts.. A trial court may not impose sanctions that

2

are more severe than necessary to satisfy legitimate purposes. Any sanction must be "just"; that is: (1) a direct relationship must exist between the offensive conduct and sanction imposed; and (2) a sanction must not be excessive. *Id.* P. 501. Both of these standards for "justness" have been breached in the Trial Court's decision, and in this Court's affirmation of the Trial Court's actions.

5. A direct relationship exists, for purposes of determining whether a sanction is "just", if a trial court directs the sanction against the abuse found and it remedies the prejudice caused to the innocent party; this means that the trial court must also at least, attempt to determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both. *Id.* P 501. In this case, the Court has approved death penalty sanctions against the client for a minor administrative error of counsel that was remedied before the hearing on the motion to strike pleadings. No significant, relevant or material evidence of any actual material harm to Defendant's ability to present its defenses was presented. Plaintiff's counsel made a minor error, which was concealed through a fortuitous combination of circumstances, remedied when realized, and the Trial Court denied the constitutional due process litigation rights of Appellant, and this Court's initial decision approved that decision.

6. Generally, before a sanction that prevents a decision on the merits is justified, lesser sanctions must first be tested to determine their efficacy; and, *in all but the most exceptional cases, the trial court must actually test the lesser sanctions before striking pleadings. Id,* P. 502. (emphasis added). Nothing in this case places the conduct of Counsel in an "exceptional" category. There was no repeated abuse; no ignoring Court orders, no conduct other than a failure to achieve perfection in initial compliance. The Court's reference to the prior case is irrelevant under the express precedent of this Court, and the attorney's fees penalties were imposed for filing a motion which was essentially granted. Plaintiffs did not want to have to produce two identical sets of discovery; filed a motion for protective order, it was granted, and the duplicate discovery eliminated. Why attorney's fees sanctions are legitimate and just for relief requested and granted is beyond the understanding of Appellant's counsel. Imposing sanctions for zealously representing a client amounts to nothing more than punishment for representing a client, which is neither appropriate, just, or necessary to achieve compliance with the rules of civil procedure pertaining to discovery.

7. In all cases, the record must reflect that the trial court considered the availability of appropriate lesser sanctions and must contain an explanation of the appropriateness of the

3

sanction imposed. The trial court must analyze the available sanction and offer a reasoned explanation as to the appropriateness of the sanction imposed. *Id.* P 502.

8. A sanction must be directed to the abuse found and it remedies the prejudice caused to the innocent party. *Id.* 501. Counsel cannot remember any evidence of any real prejudice to Defendant other than inconvenience. No relevant evidence was presented which in any way could be interpreted as prejudicing the ability of Defendant to present its case.

9. This Court has specifically considered the issues in this case just this last year. In *In Re Estate of Perez- Muzza*, 446 S. W. 3d 415 (Tex App.-San Antonio 2014), this Court considered the issues of abuse of discretion in applying sanctions against a party, and found that a Trial Court abused its discretion in dismissing a relative's action with prejudice as sanction for allegedly false or misleading statements made by relative in a will contest.

10. As noted in that opinion, a trial court's inherent power to impose sanctions is limited to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process, such as any significant interference with the traditional core functions of the court. (citing cases). *Id.* P 424. This case is absolutely devoid of any evidence of bad faith abuse, nor is there any allegation of interference with the traditional core functions of the Court. Yet a litigant innocent of any mistake is penalized with the maximum sanctions available to a Trial Court. That is clearly an abuse of discretion.

11. A sanction is not excessive when it is no more severe than necessary to satisfy its legitimate purposes; as part of this inquiry, the trial court must consider the availability of less stringent sanctions, and in all but the most exceptional cases, actually test the lesser sanctions before imposing them. *Id.* P. 424, *Cire v. Cummings*, 134 W.W.3d 835, 841 (Tex. 2004). The imposition of sanctions against a party for a minor administrative error of counsel violates these principles.

12. *Perez-Muzza* also specifically addressed the Constitutional issues present in this case. Due process concerns are implicated when the trial court dismisses a party's claim based on conduct during discovery rather than on the claim's merits. U. S. C. A. Const. Amend. 14. To comport with due process, a death-penalty sanction of dismissal may not be assessed absent the offending party's flagrant bad faith or callous disregard for the responsibilities of discovery under the rules. U. S. C. A. Const. Amend. 14. Further, a death-penalty sanction cannot be used to adjudicate the merits of claims or defenses unless the offending party's conduct during discovery

justifies a presumption that its claims or defenses lack merit. *Id.* P. 424. No such conduct was alleged or proved. There has been no claim that Plaintiff's claims lack merit.

13. Even when the offending party engages in intentional and blatant discovery abuse, consideration of less stringent sanctions is still required prior to imposition of death-penalty sanctions. The record is completely devoid of any indication that the trial court considered a less stringent sanction. A conclusory statement that no lesser sanction would be effective is not sufficient to constitute the required analysis of available sanctions and the reasoned explanation of the sanction's appropriateness. *Id.* P. 425-426. "Death Penalty Sanctions" are intended to be a "remedy of last resort". *Id.* P 424, *Paradigm Oil, Inc., v. Retamco Operating, Inc.*, 372 S.W.3d 177, 179 (Tex. 2012). There is no evidence here that Plaintiff engaged in "flagrant bad faith", or "callous disregard for the responsibilities of discovery under the rules". *Id.* P 425.

14. The initial opinion of the Court in this case referenced the previous dismissal for want of prosecution in approving the Trial Court's actions. In *Perez-Muzza*, this court specifically addressed that exact circumstance and stated: "Although the trial court found that it had previously dismissed the case on multiple occasion for want of prosecution, those dismissals were not related to the offending conduct.". Same here. Making a minor administrative error in delivery of discovery responses which was remedied prior to hearing hardly constitutes intentional and blatant discovery abuse, and the Court's consideration of less stringent sanctions is still required. See *Perez-Muzza, Id.* P. 426. The Court clearly erred, and deviated from its own precedent to even address or consider the prior dismissed case in approving the Trial Court's sanctions in this case.

15. In reviewing the standards applicable to this case, the Supreme Court of Texas has issued a plethora of cases for reference and enunciation of the appropriate legal standards for considering abuse of discretion under the facts and circumstances of this case. Starting with *Transamerica Natural Gas v. Powell*, 811 S.W.2d 913 (Tex. 1991), followed up by *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, (Tex. 1992), and further elucidated, expanded and clarified in *Cire v. Cummings*, 134, S.W.3d 385 (Tex. 2004), and *Paradigm Oil v. Retamco Operating, Inc.*, 372 S.W.3d 177 (Tex. 2012), the Court has clearly made its standard known for imposing death penalty sanctions.

16. **The Texas Supreme Court has consistently held that absent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions.** The Court has applied

5

this rule to depositions (see *TransAmerican Natural Gas Corp. v. Powell*, 811 S. W. 2d. 913, 918-19 (Tex. 1991)); Interrogatories, (see *Chrysler Corp v. Blackmon*, 841 S. W. 2d 844, 846, 850 (Tex. 1992)); Requests for production, (see *Id*, at 849-50; *GTE Communications Sys. Corp. v. Tanner*, 856 S. W. 2d. 725, 729-30 (Tex 1993); and Requests for Disclosure, (see *Spohn Hosp. v. Mayer*, 104 S. W. 3d. 878, 883 (Tex. 2003_ (per curiam). Appellant's due process constitutional rights have been violated, and this Court should withdraw it's prior opinion, and reverse and remand this case for further proceedings in the Trial Court. This case revolves around requests for production, and the case of *Spohn Hosp. v. Mayer* is clearly case dispositive. This Court's prior opinion should be withdrawn, and the case reversed and remanded for further proceedings in the Trial Court.

WHEREFORE, premises considered, Appellants respectfully requests the Court to set this motion for oral argument before the Court en banc, and upon reconsideration, to withdraw it's prior opinion, and reverse and remand this case to the Trial Court for further proceedings. Appellant prays for general relief.

Respectfully submitted,

James R. Chapman, Jr., 04134700
Attorney for Appellants
P. O. Box 841
Fredericksburg, Texas 78624
(830) 997-3269  No Fax
Cell (281) 734-8181

VERIFICATION

STATE OF TEXAS
COUNTY OF GILLESPIE

ON THIS DAY, personally appeared James R. Chapman, Jr., Attorney for Appellant, and who, identified by me, the undersigned Notary Public by TDL, and personal knowledge, after being duly sworn, deposed and said:

"My name is James R. Chapman, Jr., and I am Attorney for Appellants in this suit. I have read the above and foregoing document, and it is true and correct".

James R. Chapman, Jr.
Affiant

6

To certify which witness my hand and seal of office this 18th day of ~~May~~ June, 2015.

HOLLIE ANN BAKER
Notary Public, State of Texas
My Commission Expires
November 24, 2018

Notary Public

## CERTIFICATE OF SERVICE

I certify a copy of this document was forwarded Certified Mail, Return Receipt Requested on June 18, 2015, to the following persons at the addresses shown, pursuant to the Texas Rules of Appellate Procedure:

James R. Chapman, Jr.

Dr. Oliver Williams, Appellee
c/o Jeffrey D. Small
12451 Starcrest Drive, Ste 100
San Antonio, Texas 78216-2988
Tel: (210) 496-0611
Fax: (210) 579-1399

NO. 04-14-00491-CV

---

TEXAS COURT OF APPEALS
FOURTH DISTRICT
SAN ANTONIO, TEXAS

---

WILLIAM M. COLLINS AND PATRICIA COLLINS
Appellants

vs.

DR. OLIVER WILLIAMS
Appellee

---

COURT'S ORDER ON
APPELLANT'S FIRST VERIFIED MOTION FOR REHEARING AND EN
BANC RECONSIDERATION
ORAL ARGUMENT REQUESTED

---

ON THIS DAY, the Court considered the above styled and titled motion.

After due consideration, the Motion is GRANTED, and it is so ORDERED. The Court will consider this case with oral argument before the Court en banc. The Clerk of the Court is ordered to issue notice of hearing pursuant to the usual procedures of the Court.

SIGNED:_____          _____
                                          FOR THE COURT

8